UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


PAMELA SUE BERCAW,

        Plaintiff,

v.                                     Case No.  8:18-cv-2140-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,[1]

        Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the partial denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

## I.

### A.    Procedural Background

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 213-221). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 87-112). Plaintiff then requested an administrative hearing (Tr. 135). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 32-58). Following the hearing, the ALJ issued a partially favorable decision finding that the Plaintiff was not disabled prior to December 23, 2014, but became disabled on that date and continued to be disabled through the

---

[1] Andrew M. Saul is now the Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this matter.  No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act.  42 U.S.C. § 405(g).

date of the decision (Tr. 16-23)[2]. Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**B. Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1965, claimed disability beginning December 23, 2014 (Tr. 20). Plaintiff obtained a high school education (Tr. 35). Plaintiff's past relevant work experience included work as a security officer (Tr. 35). Plaintiff alleged disability due to IBS, back pain, depression, HBP, and mesenteric panniculitis (Tr. 78).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2013 and had not engaged in substantial gainful activity since December 23, 2014, the alleged onset date (Tr. 20). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: irritable bowel syndrome, panniculitis, chronic obstructive pulmonary disease, degenerative disk disease, cubital tunnel syndrome, and depression. *Id.* Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 20-21). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work except the claimant requires a sit-stand option alternating positions from 15-20 minutes; cannot perform

---

[2] Based on the application for a period of disability and DIB protectively filed on December 23, 2014, the ALJ found Plaintiff not disabled under sections 216(i) and 223(d), respectively, of the Social Security Act through December 31, 2013, the date last insured. But, the ALJ found that, based on the application for SSI protectively filed on December 23, 2014, the Plaintiff has been disabled under section 1614(a)(3)(A) of the Social Security Act beginning on December 23, 2014. While a plaintiff must establish disability on or before the application date to be entitled to a period of disability and DIB, a plaintiff need only show that they were disabled before the date of the decision to be entitled to SSI.

work involving hazards, temperature extremes or climbing; is able to perform unskilled low-stress jobs, defined as simple, routine, and repetitive entry-level; and due to pain and irritable bowel syndrome symptoms with the need for frequent bathroom visits, she will be off-task greater than 10% of the time (Tr. 21). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints concerning the intensity, persistence, and limiting effects of these symptoms and found them reasonably consistent with the medical evidence and other evidence in the record (Tr. 22).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform her past relevant work (Tr. 22). Given Plaintiff's background and RFC, the VE testified that there are no jobs available in the national economy in significant numbers that the Plaintiff could perform (Tr. 23). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff disabled under section 1614(a)(3)(A) of the Social Security Act *beginning on December 23, 2014* (Tr. 23).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## III.

Plaintiff alleges that the ALJ erred by reopening Plaintiff's prior Title II application without (1) applying the five-step sequential evaluation process; (2) properly evaluating the severity of Plaintiff's spondylosis and degenerative disc disease of the lumbar spine; (3) applying the psychiatric review technique to properly evaluate the severity of Plaintiff's mental impairments; and (4) developing the record by ordering a consultative psychiatric examination. As discussed below, despite Plaintiff's arguments, the ALJ did not reopen Plaintiff's prior Title II application. As such, Plaintiff's arguments fail. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

### A.     Reopening the 2014 application

As an initial matter, the Plaintiff premises her arguments on the ALJ's alleged reopening of Plaintiff's prior Title II application. Reopening a prior determination is an "extraordinary measure" warranted only by "specific and substantial reasons" set forth in the SSA regulations. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1238 (11th Cir. 1983). An ALJ's application of *res judicata* is "generally unreviewable by the federal courts." *Carson v. Colvin*, No. 8:15-CV-751-

T-33TGW, 2016 WL 3525288, at *3 (M.D. Fla. May 16, 2016), *report and recommendation adopted sub nom. Carson v. Comm'r of Soc. Sec.*, No. 8:15-CV-751-T-33TGW, 2016 WL 3452934 (M.D. Fla. June 22, 2016). Nevertheless, a court may review the decision when the claimant "raises a colorable constitutional issue" *or* when a *de facto* reopening has occurred. *Sherrod v. Chater*, 74 F.3d 243, 245 (11th Cir. 1996); *Passopulos v. Sullivan*, 976 F.2d 642 (11th Cir. 1992); *Cherry v. Heckler*, 760 F.2d 1186, 1189 (11th Cir. 1985); *Brown v. Sullivan*, 921 F.2d 1233, 1237 (11th Cir. 1991) (holding that a court has subject matter jurisdiction to review an administrative decision where there has been a reopening of a decision). The Plaintiff has not raised a colorable constitutional issue; as such, the Court need only determine whether the ALJ *de facto* reopened Plaintiff's prior Title II application.

A final decision by the Secretary will be deemed reopened if it is "reconsidered on the merits to any extent and at any administrative level." *Passopulos v. Sullivan*, 976 F.2d 642, 645 (11th Cir. 1992); *Bello v. Comm'r of Soc. Sec.*, 460 F. App'x 837, 841 (11th Cir. 2012) (noting that mere intent to reconsider is not enough—instead, a "reopening requires an actual reconsideration of the merits"). In other words, an ALJ reopens a case when they fail to apply *res judicata* and base "an ultimate determination on a review of the record in the prior application." *Passopulos v. Sullivan*, 976 F.2d 642, 645 (11th Cir. 1992). Nevertheless, an ALJ may "evaluate how newly presented evidence relates back to the prior application in order to determine whether to reopen the case." *Id.* at 646. *See also Bello v. Comm'r of Soc. Sec.*, 460 F. App'x 837, 841 (11th Cir. 2012) (noting that a "*de facto* reopening does not occur while the SSA is merely evaluating newly proffered evidence to determine whether to reopen the case"); *Brown v. Sullivan*, 921 F.2d 1233, 1237 (11th Cir. 1991) (holding that, while the ALJ had indeed commented on the claimant's condition prior to the SSI date in tandem with the second application, the ALJ had not reopened the prior case when the ALJ "did so while considering

newly proffered evidence"); *Wolfe v. Chater*, 86 F.3d 1072, 1079 (11th Cir. 1996) (holding that the ALJ's determination that the "first two ALJs had erred" amounted to a reopening as it "went beyond evaluating evidence for the purpose of making a reasoned determination of its *res judicata* effect"); *Carson v. Colvin*, No. 8:15-CV-751-T-33TGW, 2016 WL 3525288, at *5 (M.D. Fla. May 16, 2016), *report and recommendation adopted sub nom. Carson v. Comm'r of Soc. Sec.*, No. 8:15-CV-751-T-33TGW, 2016 WL 3452934 (M.D. Fla. June 22, 2016) (holding that the ALJ had not reopened the case when, "[u]nlike in *Wolfe*, in which the ALJ changed the previous law judges' decisions regarding their findings with respect to the plaintiff's education level, here, law judge Dent did not make any changes to the previous law judge's decision. Rather, law judge Dent specifically stated that he was comparing the plaintiff's new evidence with the evidence from the previous decision").

Here, the Plaintiff relies on the following portion of the ALJ's opinion to support her argument that the ALJ reopened her previous Title II application:

> The undersigned notes that the claimant filed previously a Title II application for disability on April 15, 2014, which was denied on June 18, 2014. Thus, she was found not disabled after her alleged onset date of September 28, 2008 and after her date last insured of December 31, 2013. Most notably, the undersigned recognizes that per Hallex I-2-9-1 and I-2-4-40, a determination becomes final if the claimant does not request timely appeal. Moreover, Res Judicata applies to a prior determination with respect to the same party, facts and issues. This doctrine can be used to dismiss a Request for Hearing entirely or to refuse to consider an issue on a subsequent application arising from the same title of the Act. Thus, the claimant's contention of disability prior during this period has been resolved. Frankly, the only pertinent remaining issue is whether the claimant was disabled since her most recent SSI application noted above. Initially, J. Patrick Peterson, Ph.D., concluded on February 27, 2015 that there was insufficient evidence to substantiate the presence of a disorder prior to the DLI. In concert, Edmund Molis, M.D., and Robert Schilling, Ph.D., concluded a few months later that the evidence supported no severe impairments prior to the DLI, as the evidence was insufficient (Exhibits 1A, 5A, 7A, and 11A).

> Given the earlier records, their findings were reasonable. The evidence after this point might support the de minimus requirements to establish a severe impairment, but not disability prior to the DLI.
>
> Thus after a de nova [sic] review of the evidence, the undersigned finds that the subsequently received sparse evidence dated prior to the DLI might reasonably support that the claimant had severe impairments, but failed to support that the claimant was disabled on or prior to this disqualifying date.

(Tr. 16-17). The Court finds Plaintiff's argument unavailing. The ALJ applied *res judicata* to the Plaintiff's Title II application by explicitly stating that "Res Judicata applies to a prior determination with respect to the same party, facts and issues . . . [t]hus the claimant's contention of disability prior during this period has been resolved. Frankly, the only pertinent remaining issue is whether the claimant was disabled since her most recent SSI application noted above." (Tr. 16). *See generally Cherry v. Heckler*, 760 F.2d 1186 (holding that there was no reopening when the ALJ concluded that the second application was precluded by *res judicata* to the extent it alleged disability prior to the date of the prior determination). Further, the ALJ did not reconsider or change the previous Title II determination based on the previous record—instead, the ALJ evaluated whether the new, "subsequently received" evidence would change the previous determination (Tr. 16). To that effect, the ALJ determined that "[g]iven the earlier records," Plaintiff's failure to establish severe impairments was reasonable and the new evidence failed to change the determination of disability in the Plaintiff's prior Title II application (Tr. 16-17). Thus, the ALJ did not *de facto* reopen the Plaintiff's prior Title II application because the ALJ applied *res judicata* and did not base an ultimate determination on a review of the previous record. As such, because the ALJ did not *de facto* reopen the Plaintiff's prior Title II application, the Court lacks subject matter jurisdiction to review the Commissioner's decision. *Bello v. Comm'r of Soc. Sec.*, 460 F. App'x 837, 841-42 (11th Cir.

2012) (holding that "the district court did not err in finding that it lacked subject matter jurisdiction" to review the matter as the ALJ had not *de facto* reopened the initial decision).[3] Accordingly, for the foregoing reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1.  The decision of the Commissioner is affirmed.

2.  The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 9th day of August, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record

---

[3] As previously noted, Plaintiff's subsequent contentions, namely, that the ALJ improperly evaluated the severity of Plaintiff's spondylosis and degenerative disc disease of the lumbar spine, failed to apply the psychiatric review technique when evaluating Plaintiff's mental impairments, and failed to develop the record are premised on the ALJ *de facto* reopening Plaintiff's prior Title II application. Upon the Court's finding that the ALJ did not *de facto* reopen Plaintiff's prior Title II application, Plaintiff's remaining arguments are rendered moot.